IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUNIUS J. JOYNER, III, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00725 (PTG/JFA) |
| | ) |
| PRINCE WILLIAM COUNTY | ) |
| CIRCUIT COURT, *et al.*, | ) |
| | ) |
| *Defendants*. | ) |

## MEMORANDUM OPINION

On July 27, 2022, Defendant Emily B. Redman ("Defendant" or "Defendant Redman") filed a Motion to Dismiss, requesting that this Court (1) dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and (2) enter a pre-filing injunction against Plaintiff ("Motion").[1] Dkt. 9. Plaintiff, Junius J. Joyner, III, is proceeding *pro se*.[2] In her Motion, Defendant advised Plaintiff that the Motion could be granted on the basis of her papers if Plaintiff failed to file a response within twenty-one (21) days of the filing of the Motion. *See* Local Rule 7(k) of the Eastern District of Virginia; *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). On August 17, 2022, Plaintiff opposed Defendant's Motion. Dkt. 30.

The Court has reviewed the parties' memoranda and this case is ripe for disposition. For the reasons stated below, Defendant's Motion to Dismiss (Dkt. 9) is granted.

---

[1] On August 30, 2022, Defendant also filed a Motion for Sanctions pursuant to Federal Rules of Civil Procedure 11(b) and (c). Dkt. 32.

[2] Plaintiff is an attorney who is proceeding *pro se*. He is licensed in Washington, D.C. Dkt. 1 ¶ 2.

1

## I. PROCEDURAL BACKGROUND

This matter stems from Plaintiff's Complaint (Dkt. 1) filed on June 27, 2022 against his ex-wife, Defendant Redman, in addition to other defendants who have since been dismissed.[3] *See* Dkts. 20, 21, 50. Plaintiff and Defendant were previously married and divorced on March 29, 2011. Dkt. 1 ¶ 14. Plaintiff and Defendant share two children together, and have been parties to various child custody proceedings in Prince William County Circuit Court. *See* Dkt. 1 ¶¶ 1–3, 10, 14–18.

In the instant case, Plaintiff is suing Defendant Redman for (1) Tortious Interference with Parental Rights, (2) Petition for Rule to Show Cause, and (3) Petition to Modify Custody. *Id.* at 26–28. Plaintiff alleges Defendant "intentionally and illegally interfered with his parental and custodial relationship to the point that [Plaintiff] no longer has any custodial rights and virtually no parental relationship with Children." Dkt. 1 ¶ 103. Plaintiff requests, among other things, a "Rule to Show Cause" hearing for Defendant for allegedly violating the terms of a custody order issued by the Prince William County Circuit Court. Dkt. 1 ¶ 105. Plaintiff further petitions this Court to modify a pre-existing custody order filed December 17, 2021.[4] Dkt. 1 at 28–29.

---

[3] In addition to Defendant Redman, Plaintiff originally sued the following entities: (1) Prince William County Circuit Court; (2) Prince William County Public Schools; (3) the Havrilak Law Firm, P. C.; (4) Julia A. Yolles; (5) Judge Angela L. Horan; (6) Judge Carroll A. Weimer, Jr.; and (7) Judge Kimberly A. Irving. *See* Dkt. 1. On August 5, 2022, Prince William County Public Schools, The Havrilak Law Firm, P.C., and Julia A. Yolles were dismissed from this action upon the parties' stipulations (Dkts. 18, 19). Dkts. 20, 21. On January 11, 2023, Prince William County Circuit Court, Judge Angela A. Horan, Judge Carroll A. Weimer, Jr., and Judge Kimberly A. Irving were dismissed from the action. Dkt. 50.

[4] The December 17, 2021 custody order, signed by Judge Carroll A. Weimer, Jr., granted Defendant Redman's Petition to Modify Custody. Dkt. 11-2. Per that order, Defendant Redman was awarded sole legal and physical custody of the children and $46,378.10 in attorneys' fees. *Id.*
   Plaintiff has appealed this December 17, 2021 order to the Virginia Court of Appeals. Dkt. 1 ¶ 24.

Plaintiff further requests compensatory damages in the amount of $1,000,000, in addition to punitive damages in the amount of $5,000,000 related to the tortious interference claim. Dkt. 1 at 29. Plaintiff also asserted a § 1983 claim against Prince William County Circuit Court and three judges—Judge Horan, Judge Weimer, Jr., and Judge Irving—in addition to a tortious interference claim against the judges. Dkt. 1 at 24–26. On January 11, 2023, this Court dismissed those claims based on sovereign and judicial immunity. Dkt. 50.

On July 27, 2022, Defendant Redman filed the instant Motion. On September 7, 2022, Defendant noticed a hearing for October 27, 2022. Dkt. 34. On September 15, 2022, Plaintiff requested that the Court decide the motion on the papers, or alternatively for permission to attend the hearing remotely. Dkt. 36. Amongst other reasons, Plaintiff represented that there was an outstanding warrant for his arrest and that if he came to Virginia, he "in all likelihood would be arrested." Dkt. 36 at 2. On September 19, 2022, this Court denied Plaintiff's request to appear remotely. Dkt. 37. Despite the Court's denial of his request to appear remotely and his request that the Court decide the motion on the papers without a hearing, Plaintiff failed to appear at the October 27, 2022 hearing on Defendant's Motion to Dismiss. Defense counsel was present on behalf of Defendant. Dkt. 42.

This is Plaintiff's second lawsuit filed against his ex-wife in recent years in this district. On March 24, 2021, Plaintiff filed a previous lawsuit against Defendant Redman for: (1) Violation of Due Process Rights under the Fourteenth Amendment, 42 U.S.C. § 1983; (2) Intentional [Infliction] of Emotional Distress; and (3) Petition to Modify Custody. *See Joyner v. Redman*, No. 1:21-cv-357, 2021 WL 2406871, at *1 (E.D. Va. June 11, 2021), *aff'd as modified sub nom. Joyner v. Redman*, No. 21-1690, 2021 WL 5412330 (4th Cir. Nov. 19, 2021). On June 11, 2021, Judge Claude M. Hilton dismissed that suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and

3

(6). *Id.* at *2. Specifically, Judge Hilton held that Plaintiff failed to state a claim for the § 1983 claim and without that claim, he declined to exercise supplemental jurisdiction over the remaining causes of action. *Id.* On June 27, 2022, Plaintiff filed the instant case, again requesting this Court modify the parties' custody order, in addition to other requested relief. *See* Dkt. 1 at 28–29. The underlying facts of the instant case are akin to those in Plaintiff's prior case in this district. *Compare Joyner v. Redman*, 1:21-cv-357, Dkt. 1 ¶¶ 13–23; 27–37; 39–44; 47–59, *with Joyner v. Prince William County Circuit Court, et al.*, 1:22-cv-725, Dkt. 1 ¶¶ 50–60; 63–73; 74–79; 80–92.

## II.  DISCUSSION

In her Motion, Defendant contends that this Court lacks subject matter jurisdiction over Plaintiff's claims because Plaintiff does not assert any federal law claims against her and that this Court should decline to exercise supplemental or diversity jurisdiction. Dkt. 11 at 2, 10. This Court agrees.

Subject matter jurisdiction defines this Court's power to adjudicate cases or controversies, and without it, the Court "can only decide that it does not have jurisdiction." *United States v. Wilson*, 699 F.3d 789, 793 (4th Cir. 2012) (citations omitted). A lack of subject matter jurisdiction cannot be waived or forfeited, and no other matter can be decided without subject matter jurisdiction. *Id.* While the Court must construe *pro se* complaints liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[p]rinciples requiring generous construction of *pro se* complaints are not … without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Plaintiff bears the burden to establish federal jurisdiction over his claims. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Dinkins v. Region Ten CSB*, 289 F. Supp. 3d

4

756, 758 (W.D. Va. 2018) (quoting 28 U.S.C. § 1331). Federal courts also possess subject matter jurisdiction over all civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties' citizenship is completely diverse. *Id.* at 759 (citing 28 U.S.C. § 1332).

In this case, Plaintiff's Complaint did assert claims against other defendants under federal law, specifically, 42 U.S.C. § 1983. However, all of the defendants subject to those claims have since been dismissed from this action. Dkt. 50. In his opposition to Defendant's Motion, Plaintiff argues that he

> seeks federal redress based on Title 28 U.S.C. § 1367 provision stating, "district court[s] shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Dkt. 30 at 5. As discussed above, the claims over which the Court has original jurisdiction have been dismissed. *See* Dkt. 50.

Plaintiff also argues that even if the Court dismisses the claims over which it has original jurisdiction, "in the interest of fairness and the unique underlying issues showing Father cannot receive a fair trial in state court," the Court should retain jurisdiction over his state law claims. Dkt. 30 at 6. Without the § 1983 claim, however, this Court declines to exercise supplemental jurisdiction over the Plaintiff's remaining causes of action. 28 U.S.C. § 1367; *see also ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012) ("Section 1367(c) recognizes courts' authority to decline to exercise supplemental jurisdiction in limited circumstances, including ... where the court dismisses the claims over which it has original jurisdiction."); *see also McCoy v. Endicott*, No. 19-7621, 2021 WL 5320862, at *2 (4th Cir. Nov. 16, 2021) ("...in a § 1983 case, it is not uncommon for a district court to decline to exercise supplemental jurisdiction over state law claims after dismissing the § 1983 claim.") (citation omitted).

Additionally, in filing this case, Plaintiff is impermissibly asking this Court to review a state court order. *See, e.g.*, Dkt. 1 at 28–29; *see also* Dkt. 30 at 11. The Fourth Circuit, however, provides that "district courts have no original diversity jurisdiction ... to determine child custody, or to decree visitation," and federal courts should "be alert to preclude what are genuinely ... child custody and support cases from creeping around the barrier." *Cole v. Cole*, 633 F.2d 1083, 1087–88 (4th Cir. 1980); *see also Cantor v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006) ("[F]ederal courts ... generally abstain from hearing child custody matters."). Plaintiff's intention is obvious given that he explicitly asks the Court to modify the existing custody order and order a show cause hearing. Dkt. 1 at 28–29. These requests concern "what are genuinely ... child custody" matters and thus federal courts lack authority to grant the relief Plaintiff seeks.[5] *See Cole*, 633 F.2d at 1087–88.

Dismissal is warranted for another reason. The *Rooker-Feldman* doctrine precludes Plaintiff's request for damages related to injuries arising from a state court decision. "The *Rooker-Feldman* doctrine bars such losing parties 'from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Skillings v. Knott*, 251 F. Supp. 3d 998, 1003–04 (E.D. Va. 2017) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005)). This is because such a claim impermissibly asks "the federal district court to conduct an appellate review of the state-court decision." *Adkins v. Rumsfeld*, 464 F.3d 456, 464 (4th Cir. 2006) (quoting *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006)). "The Constitution of the United States vests the Supreme Court, and the Supreme Court alone, with the

---

[5] Plaintiff explicitly declined to address the diversity of citizenship arguments in his opposition. Dkt. 30 at 5 ("... Father will not address diversity of citizenship arguments."). As explained above, even if Plaintiff had asserted diversity jurisdiction, this Court would decline to exercise it.

jurisdiction to hear appeals from final state court decisions. The federal district and appellate courts have no such authority." *Rivera v. Arlington Cnty. Dep't of Human Services*, No. 1:22-cv-599, 2022 WL 2383955, at *2 (E.D. Va. May 25, 2022), *appeal dismissed*, No. 22-1702, 2022 WL 17993182 (4th Cir. Aug. 8, 2022) (citations omitted).

Plaintiff argues the *Rooker-Feldman* doctrine is inapplicable because his "federal question is based on removal motions that were filed on March 30, 2021 and April 20, 2021, and subsequent procedural actions of the Circuit Court from those dates through the November 8, 2021 trial." Dkt. 30 at 7. The Court disagrees. Plaintiff is asking this Court to review and modify child custody orders previously issued by a state court. *See, e.g.,* Dkt. 1 at 28–29. Even further, he explicitly requests injunctive relief from a December 17, 2021 state court order granting Defendant custody of the couple's children, and asks the Court to vacate that order. *Id.* at 29. "Only the United States Supreme Court is empowered to 'reverse or modify' a state court judgment." *Skillings*, 251 F. Supp. 3d at 1004 (quoting *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). Beyond requesting this Court to review a state court order, Plaintiff asks for compensatory and punitive damages arising from state court proceedings. Dkt. 1 at 29. As explained above, that request for damages is barred by the *Rooker-Feldman* doctrine.

For these reasons, the Court finds that Plaintiff failed to adequately establish that jurisdiction is proper in this Court.

Accordingly, the claims against Defendant Redman—Count II (Tortious Interference with Parental Rights), Count III (Petition for Rule to Show Cause), and Count IV (Petition to Modify Custody)—are dismissed pursuant to Rule 12(b)(1).[6] When a district court dismisses state law

---

[6] Because the Court finds that it lacks subject matter jurisdiction, it need not evaluate Defendant's arguments that the Complaint should also be dismissed on *res judicata* grounds and for failure to state a claim.

claims over which the court declined to exercise supplemental jurisdiction, that dismissal must be without prejudice. *See Farlow v. Wachovia Bank of N.C.*, 259 F.3d 309, 316–17 (4th Cir. 2001). As such, the state law claims are dismissed without prejudice.

Defendant also requests that this Court enter a pre-filing injunction against Plaintiff, barring him from filing any additional *pro se* cases against her in this district without prior leave of court. Dkt. 11 at 18–19. In support of the request, Defendant alleges Plaintiff has filed multiple "vexatious, harassing, or duplicative lawsuits" intending to harass Defendant. *Id.* at 18. Defendant further alleges that even though she has been awarded sanctions in both this district and in Prince William County Circuit Court, Plaintiff (1) continues to file harassing lawsuits and (2) refuses to pay the awarded sanctions. *Id.* at 18–19. Before imposing a pre-filing injunction, the Court must provide the litigant notice and an opportunity to be heard. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004) (citations omitted). Accordingly, this Court will hold a hearing to provide Plaintiff an opportunity to be heard on the pre-filing injunction request.

## III. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. 9) is **GRANTED**; and it is further

**ORDERED** that Counts II, III, and IV be **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that this civil action be and is **DISMISSED**. It is further

**ORDERED** that Plaintiff appear before the Court on Thursday, April 13, 2023 at 10:00 a.m. in Courtroom 801 to show cause as to why Defendant's request for a pre-filing injunction should not be granted.

A separate order shall issue.

The Clerk is directed to forward copies of this Memorandum Opinion to all counsel of record and to the *pro se* Plaintiff at the address provided.

Dated: March 10, 2023

Patricia Tolliver Giles
United States District Judge