IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JUNIUS J. JOYNER, III,                )
                                      )
        *Plaintiff*,                  )
                                      )
   v.                                 )   Case No. 1:22-cv-00725 (PTG/JFA)
                                      )
PRINCE WILLIAM COUNTY                 )
CIRCUIT COURT, *et al.*,              )
                                      )
        *Defendants*.                 )

## MEMORANDUM OPINION & ORDER

This matter comes before the Court on Defendant Emily B. Redman's request for a pre-filing injunction (Dkt. 9), Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11(b) and (c) (Dkt. 32), and Supplemental Motion for Sanctions (Dkt. 60). On July 27, 2022, Defendant filed a Motion to Dismiss, requesting that this Court (1) dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and (6); and (2) enter a pre-filing injunction against *pro se* Plaintiff Junius J. Joyner, III ("Motion").[1] Dkt. 9. On March 10, 2023, this Court entered an Order granting Defendant's Motion to Dismiss and setting a hearing on April 13, 2023 at 10:00 a.m. for Plaintiff to show cause as to why Defendant's request for a pre-filing injunction should not be granted. Dkt. 56. On April 13, 2023, Plaintiff failed to appear at the show cause hearing. Dkt. 61. The Court has reviewed the parties' memoranda and this case is now ripe for disposition. For the reasons stated below, Defendant's request for a pre-filing injunction (Dkt. 9) and motions for sanctions (Dkts. 32, 60) are granted.

---

[1] Plaintiff is an attorney who is proceeding *pro se*. He is licensed in Washington, D.C. Dkt. 1 ¶ 2.

1

## I.   PROCEDURAL BACKGROUND

This matter stems from Plaintiff's Complaint (Dkt. 1) filed on June 27, 2022 against his ex-wife, Defendant Redman, in addition to other defendants who have since been dismissed.[2] *See* Dkts. 20, 21, 50. Plaintiff and Defendant were previously married and divorced on March 29, 2011. Dkt. 1 ¶ 14. Plaintiff and Defendant share two children together, and have been parties to various child custody proceedings in Prince William County Circuit Court. *See* Dkt. 1 ¶¶ 1–3, 10, 14–18.

In the instant case, Plaintiff filed a Complaint against Defendant Redman alleging (1) Tortious Interference with Parental Rights; (2) Petition for Rule to Show Cause; and (3) Petition to Modify Custody. *Id.* at 26–28. This is Plaintiff's second lawsuit filed against his ex-wife in recent years in this District. On March 24, 2021, Plaintiff previously sued Defendant Redman in the United States District Court for the Eastern District of Virginia for: (1) Violation of Due Process Rights under the Fourteenth Amendment, 42 U.S.C. § 1983; (2) Intentional [Infliction] of Emotional Distress; and (3) Petition to Modify Custody. *See Joyner v. Redman*, No. 1:21-cv-357, 2021 WL 2406871, at *1 (E.D. Va. June 11, 2021), *aff'd as modified sub nom. Joyner v. Redman*, No. 21-1690, 2021 WL 5412330 (4th Cir. Nov. 19, 2021). On June 11, 2021, Judge Claude M. Hilton dismissed that suit pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for failure to state a claim and lack of jurisdiction. *Id.* at *2. On June 27, 2022, Plaintiff filed the instant

---

[2] In addition to Defendant Redman, Plaintiff originally sued the following entities: (1) Prince William County Circuit Court; (2) Prince William County Public Schools; (3) the Havrilak Law Firm, P. C.; (4) Julia A. Yolles; (5) Judge Angela L. Horan; (6) Judge Carroll A. Weimer, Jr.; and (7) Judge Kimberly A. Irving. *See* Dkt. 1. On August 5, 2022, Prince William County Public Schools, The Havrilak Law Firm, P.C., and Julia A. Yolles were dismissed from this action upon the parties' stipulations (Dkts. 18, 19). Dkts. 20, 21. On January 11, 2023, Prince William County Circuit Court, Judge Angela A. Horan, Judge Carroll A. Weimer, Jr., and Judge Kimberly A. Irving were dismissed from the action. Dkt. 50.

2

case, again requesting this Court modify the parties' custody order, in addition to other requested relief. *See* Dkt. 1 at 28–29.

On July 27, 2022, Defendant Redman filed a Motion to Dismiss. Dkt. 9. On August 30, 2022, Defendant filed a Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(b) and (c). Dkt. 32. On September 7, 2022, Defendant noticed a hearing on both motions for October 27, 2022. Dkt. 34. On September 15, 2022, Plaintiff requested that the Court decide the motions on the papers, or alternatively allow him to attend the hearing remotely. Dkt. 36. Amongst other reasons, Plaintiff represented that there was an outstanding warrant for his arrest and that if he came to Virginia, he "in all likelihood would be arrested." *Id.* at 2. On September 19, 2022, this Court denied Plaintiff's requests to appear remotely and for the Court to rule on the papers. Dkt. 37. Despite the Court's denial, Plaintiff failed to appear at the October 27, 2022 hearing on Defendant's Motion to Dismiss. Dkt. 42. Defendant appeared through counsel, and the Court noted it would resolve Defendant's motions on the papers. *Id.*

On March 10, 2023, this Court granted Defendant's Motion to Dismiss, primarily because it lacks subject matter jurisdiction over Plaintiff's claims. Dkt. 55 at 4; Dkt. 56. In its Order dismissing the case, the Court ordered Plaintiff to appear at a show cause hearing on April 13, 2023 to show cause as to why the request for a pre-filing injunction should not be granted. Dkt. 56. As mentioned, Plaintiff did not appear at the show cause hearing, nor did he indicate to the Court that he would not appear at that hearing. It is clear that Plaintiff did receive the Order because (1) Plaintiff opted into electronic notifications of court filings (*see* Dkt. 4); and (2) on April 3, 2023, Plaintiff filed a Notice of Appeal, appealing the very Order directing Plaintiff to appear for a show cause hearing. Dkt. 57. Thus, given Plaintiff's failure to appear, Plaintiff has

waived his right to be heard on this matter beyond his August 17, 2022 and September 7, 2022 responses to the motions. Dkts. 30, 35.

## II. DISCUSSION

### A. Pre-Filing Injunction

Defendant requests that this Court enter a pre-filing injunction against Plaintiff, barring him from filing any additional *pro se* cases against her in this District without prior leave of court. Dkt. 11 at 18–19. In support of the request, Defendant alleges Plaintiff has filed multiple "vexatious, harassing, or duplicative lawsuits" against Defendant. *Id.* at 18. Defendant further alleges that even though she has been awarded sanctions in both this District and in Prince William County Circuit Court, Plaintiff (1) continues to file harassing lawsuits and (2) refuses to pay the awarded sanctions. *Id.* at 18–19. Plaintiff, in opposition, argues that his case is based on a "good faith belief that the Circuit Court violated 28 U.S.C. [§] 1446(c) when it continued to conduct hearings after [he] filed hi[s] removal motions thereby violating his due process rights under the 14th Amendment." Dkt. 30 at 12.

Before imposing a pre-filing injunction, the Court must provide the litigant notice and an opportunity to be heard. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 819 (4th Cir. 2004) (citations omitted). As noted, this Court did so. On March 10, 2023, Plaintiff received notice via a Memorandum Opinion and Order, dismissing this case and indicating that the Court was considering imposition of a pre-filing injunction. Dkts. 55, 56. The Court further advised that it would hold a hearing on the matter and ordered Plaintiff to appear before the Court on April 13, 2023 at 10:00 a.m. Dkt. 56. At the appointed date and time, the Court called the case to allow Plaintiff an opportunity to be heard. While Defendant appeared through counsel, Plaintiff failed to appear at the hearing. Dkt. 61.

4

The All Writs Act, U.S.C. § 1651(a), gives federal courts the authority to limit access to courts by repetitive bad faith litigants. *Cromer*, 390 F.3d at 817. The Court recognizes that pre-filing injunctions are a remedy that should be used sparingly and should not be imposed absent "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (internal citations omitted). Courts should exercise even more caution when dealing with a *pro se* plaintiff. *Id.* at 818 (internal citations omitted). When determining whether a pre-filing injunction is appropriate, a court must consider:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.*; *see also Rodriguez v. Doe*, 549 Fed. Appx. 141, 147 (4th Cir. 2013) (unpublished) (affirming imposition of pre-filing injunction); *In re Randolph*, 642 Fed. Appx. 204 (4th Cir. 2016) (unpublished) (same); *In re Williams*, 2022 WL 4758403, at *1 (4th Cir. Oct. 3, 2022) (unpublished) (same).

Each of the *Cromer* factors weighs in favor of issuing a pre-filing injunction. First, the Court finds that Plaintiff has a history of filing vexatious, harassing, and duplicative lawsuits against Defendant Redman. This is underscored by the fact that Plaintiff filed a nearly identical case in this Court, which was dismissed for failure to state a claim and lack of jurisdiction. *See Joyner*, 2021 WL 2406871 at *1–2. Both that case and the instant case are filed by Plaintiff against his ex-wife (among others) due to state court family law matters. Additionally, the underlying facts of this case are similar to those in Plaintiff's prior case in this District. *Compare Joyner v. Redman*, 1:21-cv-357, Dkt. 1 ¶¶ 13–23; 27–37; 39–44; 47–59, *with Joyner v. Prince William County Circuit Court, et al.*, 1:22-cv-725, Dkt. 1 ¶¶ 50–60; 63–73; 74–79; 80–92. Plaintiff has a

long history of litigation with Defendant Redman, including the various actions in state court as well as the two duplicative lawsuits in this District.

On June 29, 2021, Judge Michael S. Nachmanoff held that Plaintiff's claims in his 2021 action were "not properly brought in this Court as they were unwarranted by existing law and created undue and needless expense for the defendant." *Joyner*, 1:21-cv-357, Dkt. 37. Further, Judge Nachmanoff held that Plaintiff, "licensed in the District of Columbia, was fully aware that he had no valid grounds for asserting any federal claims and therefore could only have brought this action for the purpose of harassing the defendant and needlessly increasing costs." *Id.* Accordingly, Judge Nachmanoff ordered Plaintiff to reimburse Defendant for her reasonable attorney's fees and costs, totaling $4,637.84. *Id.* On October 31, 2022, Judge Hilton further found that Plaintiff continued to "submit similar filings against Defendant and, based off the filings before this Court, appears to have failed to comply with the Court's prior Order awarding attorney's fees. As a result, Defendant has incurred additional costs to enforce the Court's award of attorney's fees and to defend against the additional filings." *Joyner*, 1:21-cv-357, Dkt. 72. In response to Defendant's request for an additional $8,825 in attorney's fees and costs, the court found that those costs "[grew] out of the frivolous filings…" and awarded Defendant her requested costs, and increased Plaintiff's payments from $500 per month to $750 per month. *Id.* Defendant represents that to date, Plaintiff has not paid any of the aforementioned sanctions. Dkt. 11 at 18–19. Thus, it is clear that Plaintiff has a history of filing duplicative, vexatious, and harassing lawsuits in this District against Defendant Redman.

Next, the Court finds Plaintiff's case lacks merit and was not brought upon a good faith basis because the federal claim is a pretext to provide a forum for Plaintiff to impermissibly litigate state law claims. Plaintiff argues this case has merit, and is based on a "good faith belief … based

6

on his own *pro se* analysis and direction from the Hilton Court in written and verbal form."[3] Dkt. 30 at 12. Plaintiff cites no transcript, order, or other evidence of the alleged "direction from the Hilton Court" that could reasonably lead him to file the instant Complaint. To the contrary, on June 11, 2021, Judge Hilton dismissed Plaintiff's case for failure to state a claim and lack of subject matter jurisdiction. *See Joyner*, 2021 WL 2406871 at *1–2. Even further, Judge Hilton held that "Plaintiff's § 1983 claim is an example of a 'wholly frivolous federal claim'" that serves "as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system." *Id.* at *1 (citing *Lovern v. Edwards*, 190 F.3d 648, 655 (4th Cir. 1999)). So too here.

In this case, Plaintiff asserted the same § 1983 claim against different Defendants—all of whom were either immune from suit (and consequently dismissed by the Court) or dismissed from the action by Plaintiff—but still made state law claims against Defendant Redman.[4] Plaintiff argues that his claim was made based on a good faith belief that the Prince William County Circuit Court violated 28 U.S.C. § 1446(c) when it continued family law proceedings in the parties' state law case after he filed motions to remove that case to this District. Dkt. 30 at 12. This argument lacks merit, because those motions to remove had already been denied by the time Plaintiff filed the instant case. In his previous suit in this District, Plaintiff twice moved that court to remove the parties' family law proceedings in Prince William County Circuit Court to federal court. First, on March 30, 2021, Plaintiff filed a motion to remove the family court proceedings to the United

---

[3] Plaintiff asks a number of questions regarding his prior lawsuit before Judge Hilton. *See* Dkt. 30 at 12–13. That case has been disposed of and is not before this Court, and thus this Court will not address those questions.

[4] On August 4, 2022, Plaintiff filed a stipulation to voluntarily dismiss defendants Julia A. Yolles, The Havrilak Law Firm, P.C., and Prince William County Public Schools (a.k.a Prince William County School Board) with prejudice. Dkts. 18, 19. On January 11, 2023, the Court dismissed Defendants Angela Horan, Carroll A. Weimer, Kimberly A. Irving, and Prince William County Circuit Court (collectively, the "Judicial Defendants"), because each of those defendants enjoyed either judicial or sovereign immunity.

7

States District Court for the Eastern District of Virginia. *Joyner*, 1:21-cv-357, Dkt. 4. On April 13, 2021, that motion was denied. *Id.* at Dkt. 11. On April 20, 2021—one week after the court denied the first motion to remove—Plaintiff again attempted to remove the Circuit Court action to federal court. *Id.* at Dkt. 12. On May 24, 2021, Judge Hilton also denied that motion, explaining that as the plaintiff in the underlying state court case, Plaintiff was not the proper party with standing to remove that case to federal court. *Id.* at Dkt. 26. Accordingly, Plaintiff was on notice that his motions to remove were procedurally improper well in advance of filing this case on June 27, 2022.

Again, the Court notes that although Plaintiff is proceeding *pro se*, he is an attorney licensed to practice law in the District of Columbia. Given that fact, in conjunction with the circumstances under which this case was filed, the Court is not inclined to extend the generally liberal complaint construction it typically affords *pro se* parties. *See Polidi v. Bannon*, 226 F.Supp.3d 615, 616 n. 1 (E.D. Va. 2016) ("...where, as here, the *pro se* plaintiff is a practicing or former attorney, courts have declined to give liberal construction to the complaint.") (citations omitted). Even if the Court did afford Plaintiff the liberal construction generally afforded to *pro se* litigants, the Complaint still fails for the reasons explained in the March 10 Order dismissing Plaintiff's Complaint (Dkt. 56) as well as those explained below. *See Willner v. Dimon*, 849 F.3d 93, 103–04 (4th Cir. 2017) ("...liberally construed or not, the [plaintiffs'] complaint fails..."). It is unreasonable to surmise that after explicit notice that his removal motions were procedurally improper and thus denied, that on June 27, 2022, Plaintiff proceeded to file, in "good faith," another federal suit based on the same March 2021 and April 2021 removal motions Plaintiff knew were invalid. For the aforementioned reasons, the Court finds that Plaintiff's case lacked merit,

8

and involved a "wholly frivolous federal claim" which served as a pre-text to allow the previously-dismissed state law issue to be litigated in this Court.

Third, Plaintiff's vexatious lawsuits place a significant burden on the courts and parties involved, especially considering the fact that although he chose to file suit in this Court, he has twice neglected to appear before the Court, even when explicitly ordered to do so. Further, Plaintiff's duplicative actions require the Court and involved parties to expend resources evaluating and responding to baseless claims and unreasonable motions, filings, and arguments.

Finally, the Court finds alternative sanctions will likely be inadequate, as Plaintiff has already been ordered to pay more than $10,000 in monetary sanctions to Defendant in the various actions the parties have been involved in, and to date he has not paid any of those monetary sanctions, despite court orders to do so. *See* Dkt. 11 at 4, 6. Therefore, although monetary sanctions are appropriate here (explained further below), it is unlikely Defendant Redman will actually be able to recover those from Plaintiff. For the aforementioned reasons, the Court finds it is appropriate to issue a pre-filing injunction to prevent Plaintiff from initiating actions against Defendant Redman in the Eastern District of Virginia without prior leave of Court.

The aforementioned pre-filing injunction will be narrowly tailored to fit the circumstances of this case as *Cromer* requires. Accordingly, Plaintiff Junius Joyner, III will be enjoined from initiating any new actions in this Court against Defendant Emily Redman arising out of or relating to the parties' family court matters in Prince William County Circuit Court without first obtaining approval from the United States District Court for the Eastern District of Virginia. To obtain approval, Plaintiff must file (1) an application seeking pre-filing approval; (2) accompanied by a copy of this Memorandum Opinion and Order; and (3) a notarized affidavit or declaration certifying that the matters raised in the suit have not been raised or decided in any other lawsuit,

the case is brought in good faith, and is not filed for the purpose of harassment. Plaintiff is warned that a violation of this Court's pre-filing injunction may constitute contempt of court and subject Plaintiff to civil and criminal penalties.

### B. Motion for Sanctions

On August 30, 2022, Defendant filed a Motion for Sanctions, asserting Plaintiff's claims were filed for an improper purpose, including harassment of Defendant and needlessly increasing the costs of litigation. Dkt. 32 at 1. At the time the Motion for Sanctions was filed, Defendant asserted that the total cost of her attorney's fees and costs incurred related to her defense were at minimum $10,038.40. *Id.* at 2. Defendant also requested monetary sanctions for "the time and cost to prepare for a hearing as well as attend the hearing on these matters, and a monetary sanction in the amount of $1,000." *Id.*; *see also* Dkt. 32-1. On April 10, 2023, Defendant filed a Supplemental Motion for Sanctions, again requesting monetary sanctions—this time "in the minimum amount of $18,581.40, plus the time and cost to prepare for a hearing as well as attend the hearing on these matters, and a monetary sanction in the amount of $1,000." Dkt. 60 at 3; *see also* Dkt. 60-1. Plaintiff did not file a response to Defendant's Supplemental Motion for Sanctions, nor did he appear at either hearing held on the Motion for Sanctions. *See* Dkts. 42, 61.

Federal Rule of Civil Procedure 11(b) prohibits the filing of pleadings for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Rule 11(b) also requires that "the claims, defenses, and other legal contentions are warranted by existing law. . . ." Fed. R. Civ. P. 11(b)(2).

As explained above, Plaintiff's claims were improperly filed in this Court, because they were unwarranted by existing law. Even further, Plaintiff's Complaint needlessly increased Defendant's cost of litigation, all in violation of Federal Rule of Civil Procedure 11(b). Given the

fact that Plaintiff is a licensed attorney, and that his prior case in this District—against the same Defendant and predicated upon the same underlying facts—was dismissed, the Court finds that Plaintiff knew he had no valid grounds for asserting any federal claims. Thus, these claims could only have been brought for the purpose of harassing Defendant and needlessly increasing costs. For those reasons, in addition to the reasons discussed in the prior section, Defendant's Motion for Sanctions is granted.

### III. CONCLUSION

For the reasons discussed above, it is hereby

**ORDERED** that Defendant's request for a pre-filing injunction contained in her Motion to Dismiss (Dkt. 9) is **GRANTED**. Plaintiff is hereby **ENJOINED** from filing any further lawsuits against Defendant Emily Redman in the Eastern District of Virginia arising out of or relating to the parties' family court matters in Prince William County Circuit Court, without prior leave of Court. It is further

**ORDERED** that to obtain approval, Plaintiff must file (1) an application seeking pre-filing approval; (2) accompanied by a copy of this Memorandum Opinion and Order; and (3) a notarized affidavit or declaration certifying that the matters raised in the suit have not been raised or decided in any other lawsuit, the case is brought in good faith, and is not filed for the purpose of harassment; and it is further

**ORDERED** that Clerk is DIRECTED that any new filing should not be docketed until pre-filing approval is granted by the Court; and it is further

**ORDERED** that Defendant's Motion for Sanctions (Dkt. 32) and Supplemental Motion for Sanctions (Dkt. 60) are **GRANTED**. Plaintiff shall reimburse Defendant for her reasonable attorney's fees and costs incurred through this federal action, which amount to a total of

11

$18,581.40, to be paid within thirty (30) days of the date of this Order.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Memorandum Opinion and Order to all counsel of record and to the *pro se* Plaintiff at the address provided.

Dated: July 19th, 2023

Patricia Tolliver Giles
United States District Judge